**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RENE AVILA MURILLO,<br><br>Petitioner,<br><br>v.<br><br>ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-112-PRW |

**ORDER**

Before this Court are Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Final Adjudication (Dkt. 14). For the following reasons, the Court **GRANTS** Petitioner's Motion for Final Adjudication and **DENIES** the remaining claims in the Petition.

***Background***

This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Petitioner entered the United States in approximately 2003 and lived in the United States continuously for more than two decades.[1] On November 11, 2022, Petitioner was issued a Notice to Appear and charged as removable under the Immigration and Nationality Act (INA) as an alien present in the United States who has not been admitted or paroled.[2] On August 13, 2025, Petitioner was arrested by local

---

[1] Pet. (Dkt. 1), at 2-3.

[2] Notice to Appear (Dkt. 7-1).

authorities in Dallas, Texas, and then transferred to the custody of Immigration and Customs Enforcement shortly thereafter. An Immigration Judge ordered Petitioner removed on January 5, 2026. Petitioner timely appealed that decision to the Board of Immigration Appeals (BIA), and that administrative appeal remains pending.[3]

In his Petition, Petitioner challenges his ongoing detention under the INA and the Due Process Clause of the Fifth Amendment. Petitioner's INA claim alleges that he was entitled to a bond hearing under 8 U.S.C. § 1226, but that he has been improperly classified under § 1225, which mandates detention. The due process claim alleges that Petitioner's detention has "extended for a significant period without lawful authority or progress toward resolution," and that his "prolonged detention…confirms that [his] custody has become punitive and unconstitutional."[4]

On July 13, 2026, this Court issued an Order (Dkt. 13) resolving Petitioner's INA claim by granting the Petition in part and directing Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a). On July 24, 2026, Petitioner filed the instant Motion (Dkt. 14), advising the Court that an Immigration Judge denied him bond and requesting adjudication of the remaining constitutional claims in the Petition. Respondents argue that the remaining claims are moot and, alternatively, that they fail on the merits.

---

[3] Exec. Off. for Immigr. Rev., Automated Case Info.: Case Info. for A-240-139-466, U.S. Dep't of Just., https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 6, 2026); Notice of Appeal (Dkt. 7-5).

[4] Pet. (Dkt. 1), at 3-5.

## *Legal Analysis*

### I. Mootness

The Court concludes that Petitioner's substantive due process challenge to the length of his detention was not entirely mooted by the prior Order resolving Petitioner's INA claim. Respondents argue that there is no reason to consider the constitutional claims in the Petition, citing *Lyng v. Northwest Indian Cemetery Protective Association*[5] for the proposition that "[i]f no additional relief [beyond the statutory claim is] warranted, a constitutional decision [is] unnecessary and therefore inappropriate."[6]

Respondents conflate mootness with the doctrine of constitutional avoidance. *Lyng* does not stand for the proposition that a court may never decide a constitutional claim after ruling on a statutory claim. Rather, *Lyng* instructs that a court should resolve statutory claims first and reach constitutional questions only if "a decision on [the constitutional] question could have entitled [the plaintiffs] to relief beyond that to which they were entitled on their statutory claims."[7]

Here, the Court complied with *Lyng* in the first instance by granting Petitioner relief on his statutory claim and leaving his due process claims unaddressed. Petitioner then received his statutorily required bond hearing, was denied release from custody, and expressly does not contest the procedural adequacy of that hearing.[8] To the extent

---

[5] 485 U.S. 439, 445-46 (1988).

[6] Resp. to Mot. for Adjudication (Dkt. 15), at 1.

[7] *Lyng*, 485 U.S. at 446.

[8] Mot. for Adjudication (Dkt. 14), at 3.

Petitioner's due process claim was premised on the lack of an individualized custody determination, that procedural claim has indeed been mooted by his bond hearing. However, to the extent Petitioner contends that his prolonged detention has become substantively unconstitutional—which would entitle him to immediate release rather than a mere bond hearing—his claim seeks relief beyond what the statute provided. Because that constitutional question is now squarely and solely before the Court, it is necessary to address it on the merits.

## II. The Merits

The Petition alleges that "Petitioner's detention has extended for a significant period without…progress toward resolution" and that his "[p]rolonged detention…confirms that custody has become punitive and unconstitutional."[9] Petitioner's Reply (Dkt. 8-1, at 12-13) further argues that "[c]ivil detention that continues for…extended periods raises serious constitutional concerns," relying on *Zadvydas v. Davis*.[10]

In *Zadvydas*, the Supreme Court addressed post-removal-order detention governed by 8 U.S.C. § 1231 and held that the statute implicitly limits an alien's detention "to a period reasonably necessary to bring about that alien's removal from the United States."[11] The Court explained that the indefinite detention of aliens subject to a final removal order who are unlikely to be removed in the reasonably foreseeable future raises "serious constitutional concerns" because it "no longer bear[s] a reasonable relation to the purpose

[9] Pet. (Dkt. 1), at 4.

[10] 533 U.S. 678 (2001).

[11] *Id.* at 689-91.

for which the individual [was] committed."[12] The Court adopted a six-month "presumptively reasonable" period of post-removal-order detention, though it did not hold that detention lasting longer than six months is automatically unconstitutional.[13] "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[14] After the initial six-month period expires, the alien must provide "good reason to believe that" detention is unreasonable,[15] but "what counts as the reasonably foreseeable future" shrinks as the period of confinement grows.[16]

Subsequently, in *Demore v. Kim*,[17] the Supreme Court addressed the constitutionality of *pre*-removal-order detention under 8 U.S.C. § 1226, which governs the detention of aliens while their removal proceedings remain pending. Upholding mandatory detention under § 1226(c) against a Fifth Amendment challenge, the Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process" because it "necessarily serves the purpose of preventing deportable…aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed."[18] Crucially, the Court

---

[12] *Id*. at 682, 690 (citation and internal quotation marks omitted)..

[13] *Id.* at 701.

[14] *Id.*

[15] *Id.*

[16] *Id.* (internal quotation marks omitted).

[17] 538 U.S. 510 (2003).

[18] *Id.* at 528, 531.

distinguished *Zadvydas* on two grounds: first, detention pending removal proceedings directly serves the valid immigration purpose of preventing flight; and second, unlike the potentially permanent detention in *Zadvydas*, detention under § 1226 has "a definite termination point"—the conclusion of the removal proceedings.[19]

As this Court's prior Order (Dkt. 13) established, Petitioner's detention is governed by § 1226(a). Under 8 U.S.C. § 1101(a)(47)(B), a deportation order from an Immigration Judge "become[s] final upon the earlier of…(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Although Petitioner was ordered removed on January 5, 2026, he appealed the Immigration Judge's decision, and that appeal is still pending.[20] Consequently, Petitioner is not yet subject to a final order of removal, and his detention remains governed by § 1226(a).

The *Zadvydas* six-month framework governing post-removal-order detention under § 1231 cannot be reflexively imported into the materially different context of pre-removal-order detention under § 1226. Under *Demore*, Petitioner's ongoing detention during active administrative proceedings has a definite termination point and remains constitutionally permissible because it serves the legitimate purpose of ensuring his presence for his

---

[19] *Id*. at 528–29; *see also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (noting that detention during active review proceedings has a definite end point and is constitutionally permissible under *Demore*).

[20] Exec. Off. for Immigr. Rev., Automated Case Info.: Case Info. for A-240-139-466, U.S. Dep't of Just., https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 6, 2026); Notice of Appeal (Dkt. 7-5).

removal proceedings. Indeed, the constitutional footing of Petitioner's detention is even stronger than in *Demore*: whereas *Demore* upheld mandatory detention without a bond hearing under § 1226(c), Petitioner is detained under § 1226(a) and has already been afforded an individualized bond hearing—the adequacy of which he does not challenge—where an Immigration Judge determined that his continued detention is warranted.

Moreover, even if *Zadvydas* or a similar prolonged-detention framework applied here, Petitioner has not demonstrated that his detention has become indefinite or punitive. During Petitioner's fourteen-month detention, his proceedings have moved forward at a reasonable pace: he received a merits decision from an Immigration Judge regarding his removability within five months of his arrest, as well as an individualized bond hearing. There is also no indication that Petitioner's pending BIA appeal, which has been pending for less than nine months, will not be resolved in the reasonably foreseeable future.

Accordingly, Petitioner's Motion for Final Adjudication (Dkt. 14) is **GRANTED**. The Petition (Dkt. 1) is **DENIED** as to the remaining claims. All other pending motions are **DENIED AS MOOT**. A separate final judgment will issue.

**IT IS SO ORDERED** this 14th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE